## Mairs *versus* Taylor.

*Bailment.—Contract of Pledgor.—Liability of, for want of Title.*

1. A pledgor, by the act of pledging, impliedly engages that he is the owner of the property pledged; and where the ownership of any part of it is not in him, he is liable to the pledgee in damages, if by reason of defective title it is taken from him.

2. B., the owner of a lot of sheep in Ohio, executed a chattel mortgage to T. to secure purchase-money, and afterwards sold to M. 350 of them at $3 per head, T. agreeing to release the lien of his mortgage upon those bought by M., who agreed to pay him a certain sum " upon the arrival of the sheep at Pittsburgh, and to allow T. to hold possession of the sheep until said sum was paid." While on the road, in T.'s possession, 200 of them were replevied by another party on a claim of lien on them as against B., and the remainder taken to the place mentioned, where M. demanded the whole number, tendering the sum agreed on, which T. was willing to receive, and to deliver the 150 sheep still in his possession. M. refused this offer, and brought replevin. On case stated, in the replevin suit, the court entered judgment for the defendant for the value of the sheep at the price agreed to be paid.

*Held*, that the entry of the judgment was not error.

ERROR to the District Court of *Allegheny county*.

This was an action of *replevin*, brought to January Term 1859, by David Mairs against R. N. Taylor, to recover one hundred and fifty sheep, valued at $450. The writ was executed by delivering the property to the plaintiff. The defendant pleaded *non cepit*, and property. After the jury were sworn, they were discharged, and a case stated for the opinion of the court was agreed upon by the counsel representing the parties, on which the court below entered judgment for the defendant. This writ was thereupon sued out by the plaintiff. The material facts of the case are fully set forth in the opinion of this court.

*B. F. Lucas* and *Jacob Whitesell*, for plaintiff in error.

*S. H. Geyer*, for defendant.

The opinion of the court was delivered, October 31st 1861, by
READ, J.—J. D. Brevard, of the state of Ohio, was the owner of seven hundred fat sheep, and, on the 25th December, executed a chattel mortgage of them to R. W. Taylor, to secure the payment of their purchase-money, which mortgage was filed in the proper office, and after certain payments entered on it, was re-filed in the same office. On the 10th January 1859, when there was upwards of $1800 still due on the mortgage, Brevard sold three hundred and fifty, part of the sheep mentioned in the mortgage, at three dollars per head, to Mairs, who paid Brevard $500 on account, which he immediately paid over to Taylor,

on account of his mortgage, leaving still upwards of $1300 due upon it. At the same time, and before any of the sheep were removed, and whilst the lien of the mortgage was in full force, Mairs, the owner of the sheep, entered into an agreement with Taylor, as follows:—

"In consideration of R. N. Taylor releasing his lien upon a lot of sheep purchased by me of J. D. Brevard, I agree to pay said Taylor five hundred dollars, upon the arrival of the sheep in Pittsburgh, and to allow said Taylor to hold possession of said sheep until said sum is paid. I further agree to pay the expenses of said Taylor in going to and returning from Pittsburgh.

　　　　　　　　　　　　　　　"DAVID MAIRS."

The clear meaning of this paper was, that Mairs should pay Taylor $500 for releasing the lot of sheep from the lien of his chattel mortgage, and to pledge the said sheep to Taylor, for its payment, which was delayed until their arrival in Pittsburgh. The sheep, which had been placed, in pursuance of this agreement to pledge, in the possession of Taylor, were put by Taylor in the cars, at Sandusky, Ohio, for the purpose of bringing them to Pittsburgh, and while in the cars, at Sandusky, Badger replevied two hundred of them, claiming a lien on them, under an agreement with Brevard; and the officer holding the writ took them from the cars. On the same day, Mairs had notice of the *replevin*, and appeared to the suit and took defence, and at the trial, Badger was successful in maintaining his action of *replevin*.

In all this, no blame could attach to Taylor, who had released the sheep from his chattel mortgage, at the request of the owner, Mairs, which let in any subsequent lien created by Brevard prior to his sale to Mairs. The two hundred sheep were therefore taken from the possession of Taylor, by the hand of the law, and without any fault or negligence or any act on his part, whilst his security for the money due to him, by Mairs, was rendered inadequate.

Taylor took the remaining one hundred and fifty sheep to Pittsburgh. On their arrival, Mairs tendered the $500, but demanded the three hundred and fifty sheep. Taylor offered to deliver the one hundred and fifty sheep, on receiving the $500. This Mairs declined, and commenced this action of *replevin*, and the sheriff delivered to him the one hundred and fifty sheep; and the simple question is, was he entitled to them without paying the sum for which they were pledged by him to Taylor?

This question the court below answered in the negative, and we can find no error in the judgment, which, by agreement, was limited to the amount of the original purchase-money of the sheep in dispute. Mairs, by the act of pledging, impliedly engaged (if not expressly, in this case) that he was the general

[Mairs *v.* Taylor.]

owner of the sheep, and in so doing he committed a wrong against Taylor, as was shown by the result of Badger's *replevin*, and for which he was answerable to Taylor, instead of Taylor being answerable to him. (Story on Bailments, p. 354.)

Judgment affirmed.